NOT FOR PUBLICATION                                    [Docket No. 1]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

ELTON SPENCER,

               Petitioner,

      v.                                  Civil No. 11-4926 (RMB)

UNITED STATES OF AMERICA,                **OPINION**

               Respondent.

Appearances:

Elton Spencer
41372-050
F.C.I. BECKLEY
P.O. Box 350
Beaver, W. Virginia 25813
        Pro Se Plaintiff

Robert Stephen Stigall, Assistant U.S. Attorney
Office of the US Attorney
401 Market Street
P.O. Box 2098
Camden, New Jersey 08101
        Attorney for the Respondent

**BUMB,** UNITED STATES DISTRICT JUDGE:

    Petitioner Elton Spencer ("Petitioner") has moved, pursuant

to Title 28, United States Code, Section 2255, to vacate, set

aside, or correct his sentence.  For the reasons set forth

below, Petitioner's motion is DENIED.

1

I.  **Background**

On September 7, 2007, Petitioner pled guilty to a Superseding Information before this Court pursuant to a negotiated plea agreement.  The Superseding Information charged Petitioner with possession with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

At sentencing, this Court designated Petitioner a career offender pursuant to Section 4B1.1(a) of the United States Sentencing Guidelines ("U.S.S.G.").  Under this provision, a defendant is a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and

(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.  The Court found that Petitioner was over 18, the instant offense of conviction was for a controlled substance offense, and Petitioner had a prior conviction for third-degree aggravated assault, which the Court found was a crime of violence.  Petitioner now argues that there was insufficient evidence to classify his prior aggravated assault as a crime of

2

violence and an evidentiary hearing is therefore necessary.

## II.   **Analysis**

The U.S.S.G. define a "crime of violence" as:

any offense under federal or state law, punishable by
imprisonment for a term exceeding one year, that – (1) has
as an element the use, attempted use, or threatened use of
physical force against the person of another, or (2) is
burglary of a dwelling, arson, or extortion, involves the
use of explosives, or otherwise involves conduct that
presents a serious potential risk of physical injury to
another.

U.S.S.G. § 4B1.2(a).  Courts have also imposed the additional

requirement that, in order to qualify as a crime of violence

under the U.S.S.G., "the crime at issue must present a serious

potential risk of physical injury and be one that typically

involves purposeful, violent, and aggressive conduct," as

opposed to mere recklessness or negligence.  United States v.

Lee, 612 F.3d 170, 196 (3d Cir. 2010)(internal quotation marks

and citation omitted).

In determining whether a prior conviction constitutes a

crime of violence, the Third Circuit normally employs a

categorical approach to determine whether a prior conviction

falls within the category of a "crime of violence."  See United

States v. Vincencio-Martinez, 404 F. App'x 633, 635 (3d Cir.

2010)("To determine whether a conviction . . . is a crime of

violence, we presumptively use a categorical approach)(quotation

3

marks and citation omitted); see also Taylor v. United States,
495 U.S. 575, 600-02 (1990)(laying out the categorical
approach).  The categorical approach directs the sentencing
court to look "only to the statutory definitions of the prior
offenses, and not to the particular facts underlying those
convictions" in determining whether a prior conviction
constitutes a crime of violence.  Taylor, 495 U.S. at 600
(citations omitted); see also Vincencio-Martinez, 404 F. App'x
at 635-36.  However, "[w]here a statute criminalizes different
kinds of conduct, some of which would constitute crimes of
violence while others would not," the Third Circuit uses a
modified categorical approach outlined in Shepard v. United
States, 544 U.S. 13 (2005).  United States v. Johnson, 587 F.3d
203, 208 (3d Cir. 2009)(describing the application of a modified
categorical approach); see also United States v. Mahone, 662
F.3d 651, 654 (3d Cir. 2011)(applying a modified categorical
approach when a conviction was premised on a statute
criminalizing some conduct that would constitute a crime of
violence and other conduct that would not); United States v.
Forehand, 386 F. App'x 174, 178-79 (3d Cir. 2010)(same).  Under
a modified categorical approach, courts can consider "the
statutory definition, charging document, written plea agreement,

4

transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Johnson, 587 F.3d at 208 (citation omitted).

Here, Petitioner claims that there was insufficient evidence to support a finding that his aggravated assault conviction was a crime of violence because there was no evidence presented that his conduct was purposeful, as opposed to reckless. He argues that a hearing is necessary to resolve this issue.[1] It is not.

Petitioner's aggravated assault conviction was based on N.J. Stat. Ann. § 2C:12-1(b)(7). The statute provides that "[a] person is guilty of aggravated assault if he . . . [a]ttempts to cause significant bodily injury to another or causes significant bodily injury purposely or knowingly or, under circumstances manifesting extreme indifference to the values of human life recklessly causes such significant bodily injury." Because Section 2C:12-1(b)(7) prohibits intentional and reckless conduct, it criminalizes both conduct that would qualify as a crime of violence and conduct that would not qualify as a crime of violence. See e.g. Forehand, 386 F. App'x at 178-79

---

[1]     Plaintiff clarified in a supplemental submission that his sole claim was that the current record before the Court "does not indicate whether [his] guilty plea to New Jersey Statute 2C:12-1 . . . was for intentional or reckless conduct . . . [and that] [t]his question is one

(concluding Section 2C:12-a(b) prohibits "both intentional and reckless conduct"); <u>Johnson</u>, 587 F.3d at 208 ("Where a statute criminalizes different kinds of conduct, some of which would constitute crimes of violence while others would not, a court may look beyond the statutory elements to determine the particular part of the statute of which the defendant was actually convicted."). Therefore, the Court will apply a modified categorical approach to determine whether Petitioner's aggravated assault conviction constituted a crime of violence. <u>See</u> <u>United States v. Johnson</u>, 376 F. App'x 205, 208-09 (3d Cir. 2010).

While the government had not previously submitted evidence as to the specific nature of Petitioner's aggravated assault conviction, it has since submitted a copy of the transcript of Petitioner's aggravated assault guilty plea, which this Court may consider in employing the modified categorical approach. <u>See</u> <u>Johnson</u>, 587 F.3d at 208 (listing transcript of plea colloquy as one of the sources a court can examine in determining whether a conviction was a crime of violence). According to the transcript of Petitioner's guilty plea, Petitioner admitted to "purposely" putting his hands on somebody

---

of fact that requires a hearing to resolve." [Docket No. 10 at p. 4].

in the course of "a fist fight," which resulted in "pain" for that individual.  Guilty Plea Tr. 5:12-6:14, May 11, 2001 [Docket No. 14].  Purposeful physical conduct, during the course of a fistfight, with resulting pain to the individual assaulted, is both intentional and has as an element of physical force against another.  Petitioner's prior conviction was therefore sufficient to constitute a crime of violence under U.S.S.G. § 4B1.2(a)(1).  See e.g. United States v. Horton, 461 F. App'x 179 (3d Cir. 2012)(holding that a conviction for third-degree aggravated assault was sufficient to classify the offense as a crime of violence when the defendant stated at his plea colloquy he "intended" to "hit [someone] in the face").

## III. Conclusion

For all these reasons, there is no need for an evidentiary hearing and Petitioner's Motion is DENIED.  United States v. Padilla-Castro, 426 F. App'x 60, 63 (3d Cir. 2011)(finding that "[a] hearing is unnecessary when files and records of the case conclusively show that the prisoner is entitled to no relief.")(quotation and citation omitted).


s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: June 29, 2012

7